[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11288
Non-Argument Calendar

_____

Agency No. A77-927-887

BAO CHAI LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 9, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Bao Chai Lin ("Lin"), through counsel, seeks review of the Board

of Immigration Appeals' ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") removal order and denial of her applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). Lin argues that the IJ erred because the IJ (1) erred in making an adverse credibility finding; and (2) denied her applications without considering all of the evidence presented; and (3) denied her applications despite the fact that she established her eligibility for asylum, withholding of removal, and CAT relief.

### Adverse Credibility

"We review [our] subject matter jurisdiction *de novo*." *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We lack jurisdiction to consider claims raised in a petition for review unless the petitioner exhausted her administrative remedies with respect to those claims. *See* 8 U.S.C. § 1252(d)(1); *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003). In order to exhaust all administrative remedies, an alien must raise her claims before the BIA. *Sundar*, 328 F.3d at 1323; *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Because the record demonstrates that Lin failed to challenge the IJ's adverse

2

credibility determination in her appeal to the BIA, we lack jurisdiction to consider that claim. *Amaya-Artunduaga*, 463 F.3d at 1250. Accordingly, we dismiss the petition for review as to this claim.

**The IJ's consideration of Lin's Evidence**

Because the BIA summarily affirmed the IJ without opinion, we review the IJ's opinion. 8 C.F.R. § 1003.1(e)(4); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). "To the extent that the [IJ's] decision was based on a legal determination, [our] review is *de novo*." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). "The IJ's findings of fact are reviewed under the substantial evidence test," and we 'must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004) (quoting *Al Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1283-84 (11th Cir. 2001)). In addition, we will only reverse the IJ if we find that the record compels that conclusion. *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002). However, an issue is abandoned if an appellant does not argue the issue in her brief. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum

3

if the alien meets the INA's definition of a "refugee."  INA § 208(b)(1), 8 U.S.C.

§ 1158(b)(1).  A "refugee" is defined in the INA as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The INA also provides that,

> a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

INA § 101(a)(42)(B), 8 U.S.C. § 1101(a)(42)(B).

To qualify for withholding of removal under the INA, an alien must show that if returned to her country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).  To be entitled to relief under CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).

4

If credible, an alien's testimony may be sufficient, without corroboration, to sustain her burden of proof in establishing her eligibility for relief from removal. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id.* However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." *Id.* If an applicant produces evidence beyond her testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Id.* As long as all the evidence submitted by the applicant is considered, however, the IJ does not need to address specifically every piece of evidence presented. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

As an initial matter, Lin's arguments on appeal all relate to her claim that she fears that she will be persecuted because, by having two children since coming to the United States, she has violated China's family laws. Therefore, she has abandoned the claims she made before the IJ that she will be persecuted because of other grounds. *See Sepulveda*, 401 F.3d at 1228 n.2. In addition, as previously discussed, Lin cannot challenge the IJ's adverse credibility determination because she failed to raise that claim before the BIA. Despite this adverse credibility finding, however, the IJ still must consider all of the evidence in the record and, in this case, the IJ failed to do so. *See Forgue*, 401 F.3d at 1287.

Lin submitted supporting documentary evidence to the IJ in the form of a copy of the Population and Family Planning Law of China, 2002 Congressional testimony of John Aird on China's Family Planning Law, and an article from the World Socialist Web Site. In his decision, however, the IJ stated, "Other than her oral testimony, [Lin] has not produced supporting documentation or explained the absence of such documentation." Based on this, it appears that the IJ not only failed to consider Lin's supporting documentary evidence, but also based his denial of Lin's claims in part on his incorrect belief that she had not submitted any such evidence. Thus, substantial evidence does not support the IJ's decision to deny Lin's application for asylum, withholding of removal, and CAT relief. *See Forgue*, 401 F.3d at 1287. Accordingly, we vacate and remand the IJ's decision for further consideration with respect to Lin's claim that she fears she will be persecuted because she has had two children while in the United States.

**PETITION DISMISSED IN PART, GRANTED IN PART, AND REMANDED.**